***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Argued and submitted December 8, 2022, affirmed February 8, 2023

Kay R. HANSEN
and Richard A. Hansen,
*Plaintiffs-Appellants,*

*v.*

Sally HEMPHILL,
*Defendant-Respondent.*

Douglas County Circuit Court
19CV31661; A175089

Kathleen E. Johnson, Judge.

George W. Kelly argued the cause and filed the brief for appellants.

Dan G. McKinney argued the cause and filed the brief for respondent.

Before Ortega, Presiding Judge, and Powers, Judge, and Hellman, Judge.

HELLMAN, J.

Affirmed.

**HELLMAN, J.**

Plaintiffs appeal from a judgment that granted defendant an injunction which prevented plaintiffs from interfering with defendant's reasonable access to her property. On appeal, plaintiffs assign as error the trial court's ruling that their gates unreasonably interfered with defendant's easement rights. We affirm.

Initially, there is no support in the record for plaintiffs' new assertion at oral argument that the trial court made a categorical legal ruling that prohibited the shutting or locking of gates. Nor does the court's ruling prevent plaintiffs from ever installing or shutting any other gates on their property, as was asserted. Instead, the trial court was asked to decide on the particular facts before it whether the closing and locking of these gates amounted to a substantial interference by plaintiffs of defendant's use and enjoyment of her property. Because the parties primarily sought injunctive relief, "[w]e review the trial court's legal conclusions for errors of law, and we are bound by its factual findings if there is any evidence to support them." *Neff v. Sandtrax, Inc.*, 243 Or App 485, 259 P3d 985 (2011); *see also Johnston v. Cornelius*, 230 Or App 733, 745 n 11, 218 P3d 129 (2009) (explaining that "the nature of the relief generally determines whether a claim is an action at law or in equity and thus determines the standard of review").

Under that standard, there was ample evidence in the record for the trial court to have determined that plaintiffs substantially interfered with defendant's use of the easement, and to have granted the injunction. Although plaintiffs took the position that closing and locking the gates were needed for their security, they did not provide any testimony to support a conclusion that the gates—which did not block access to plaintiffs' driveway, had no fences on either side of them, and which defendant's tenants would be entitled to unlock—could accomplish that goal. Notably, the security issues plaintiffs identified existed long before the installation of the gates, which only occurred after the survey indicated the property belonged to plaintiffs, not defendant as previously understood. Even though plaintiffs provided defendant with a key, there was also evidence that

defendant, an elderly woman, had to get in and out of her car at each gate, that shutting and locking the gates caused inconvenience to defendant's tenants, and that because the gates locked with a key, delivery trucks and emergency vehicles could not readily access defendant's property if needed. Therefore, the record was legally sufficient for the trial court to determine on those facts that plaintiffs substantially interfered with defendant's use and enjoyment of the easement.

Affirmed.